**UNITED STATES of America**

v.

**Aubrey Alan GRAVATT.**

**Crim. No. 80–00361.**

United States District Court, E. D. Pennsylvania.

Jan. 6, 1981.

Lynell N. Staton, Asst. U. S. Atty., Philadelphia, Pa., for plaintiff.

Frank P. Murphy, Morristown, Pa., for defendant.

## MEMORANDUM AND ORDER

SHAPIRO, District Judge.

Defendant Aubrey Alan Gravatt was named in a five count indictment charging four violations of 18 U.S.C. § 876, mailing threatening communications, and one violation of 18 U.S.C. § 871(a), mailing threatening communications to the President. Defendant filed a motion to suppress evidence to which the Government responded; a hearing on said motion was held on December 9, 1980. Defendant's motion will be denied because taking defendant's typewriter without a search warrant was a constitutional seizure incident to the lawful arrest of defendant for mailing threatening communications.

The seizure of the typewriter is not violative of the Fourth Amendment if defendant voluntarily surrendered the evidence fully cognizant of his rights. *United States v. Menke*, 468 F.2d 20 (3d Cir. 1972); *see, United States v. Mendenhall*, 446 U.S. 544, 100 S.Ct. 1870, 64 L.Ed.2d 497 (1980).

However, defendant's voluntary consent to the taking was not clearly established. There was conflicting testimony as to when defendant was warned of his rights. The agent testified the warnings required by *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966) were given after defendant was handcuffed but before he gave the agents permission to take the typewriter; defendant testified he was not advised of his rights until after he and the typewriter were taken from the house. Mr. Gravatt conceded that he gave the agents permission to take the typewriter but said he did so because he had spoken with his attorney and was advised not to resist. Although the prior conversation with his attorney suggests defendant was cognizant of his rights, the agents had weapons and the defendant was handcuffed at the time permission was given. This gives rise to doubt whether the consent was truly voluntary.

But whether or not there was a voluntary consent, the arrest was in execution of an arrest warrant which defendant concedes was lawful and the search and seizure was valid incident thereto. *Cf. Payton v. New York,* 445 U.S. 573, 100 S.Ct. 1371, 63 L.Ed.2d 639 (1980) (absent exigent circumstances, the Fourth Amendment prohibits police from making *warrantless* and nonconsensual entry into suspect's home to make routine felony arrest). The typewriter was in plain view of the arresting agent in the room where defendant was apprehended. A search of the arrestee's person and the area within his immediate control was justified incident to the lawful arrest in order to prevent the use of weapons endangering the arresting officers or the destruction of evidence endangering prosecution of the offense. *Chimel v. California,* 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969). The portable typewriter was not a weapon but it was readily removable and destructible. Members of defendant's family, in the home at the time of the arrest, had been uncooperative with the arresting officers; therefore, it was not unreasonable for the agents to remove the typewriter.

Even if the typewriter was not deemed destructible evidence under *Chimel,* where officers having a prior justification for intrusion inadvertently come within plain view of evidence outside the immediate control of the arrestee, the arresting officers may seize it if the plain view has been obtained in an appropriately limited search of the arrestee. *Coolidge v. New Hampshire,* 403 U.S. 443, 465, 91 S.Ct. 2022, 2037, 29 L.Ed.2d 564 (1972). This remains the law even if the search took place in defendant's home at least so long as there is no reason to believe the officers went to the home for the purpose of seizing the object without a warrant.

Here, there is no evidence that the Government agents knew the typewriter was on the premises when they obtained a warrant for defendant's arrest. At the time of the execution of the arrest warrant defendant was in his bedroom; the typewriter was uncovered and only five (5) feet away from the defendant. Since the agents were lawfully on the premises in execution of a valid warrant for defendant's arrest, the seizure of the typewriter falls within the "plain view" exception to the search warrant requirement of the Fourth Amendment.